THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD C. WALBORN, Appellant.— MEMORANDUM BY THE COURT. Defendant appeals from a judgment of conviction of the County Court of Chemung County entered upon his plea of guilty to the second count of an indictment charging him with the crime of malicious damage to an automobile in violation of subdivision 11-a of section 1425 of the Penal Law. We find no substance in his contentions that the court was without jurisdiction to accept the plea of guilty, that he was deprived of his right to speak for himself after the allocution called for by section 480 of the Code of Criminal Procedure had been pronounced or that defendant's negative response to the court's inquiry was made under any misunderstanding of his rights. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD H. ROGERS, Appellant.— Per Curiam. Appeal from an order of the County Court of Chemung County which denied, without a hearing, an application in the nature of a writ of error *coram nobis* to vacate a judgment of conviction rendered March 9, 1960 after a trial by the court without a jury. The judgment was affirmed upon appeal. (21 A D 2d 720.) Appellant contends that his oral inculpatory statements to police officers were not voluntarily made and that evidence thereof was improperly received upon the trial. The conviction predated *Jackson* v. *Denno* (378 U. S. 368) and inasmuch as the evidence as to the statements " was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness " and there was, of course, no jury to be " charged * * * on voluntariness " (*People* v. *Huntley*, 15 N Y 2d 72, 77), the case is not one of those required to be remanded for a *Huntley* hearing. Order affirmed. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.